# Third District Court of Appeal

## State of Florida

Opinion filed October 13, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1528
Lower Tribunal No. 17-19229
_____

**Edwin Torres,**
Appellant,

vs.

**Kendall Healthcare Group, Ltd., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

McCarthy & Yersel, PLLC, and Emre Yersel and Martin G. McCarthy and Laura Cordell, for appellant.

Lewis Brisbois Bisgaard & Smith LLP., and Cindy J. Mishcon and Kevin M. Vannatta (Fort Lauderdale), for appellee.

Before SCALES, GORDO and LOBREE, JJ.

LOBREE, J.

Edwin Torres challenges the trial court's dismissal with prejudice of his

negligence action against Kendall Healthcare Group, Ltd. The operative complaint alleged that Mr. Torres was admitted as a patient to Kendall Healthcare's facility, where he underwent diagnostic imaging. After the imaging was complete, he attempted to transfer from the exam table to his wheelchair but fell and injured himself when the wheelchair rolled away because his assigned attendant failed to properly secure its brakes. The trial court dismissed the action finding it sounded in medical malpractice rather than ordinary negligence, and Mr. Torres failed to comply with the statute of limitations in section 95.11(4)(b), Florida Statutes, as well as the mandatory pre-suit requirements in chapter 766, Florida Statutes.

In order to determine whether Mr. Torres' failure to comply with the statute of limitations for medical malpractice claims and the pre-suit requirements in chapter 766 is fatal to his claim, a determination needs to be made as to whether this suit is for medical malpractice or ordinary, which is an intensively fact based analysis. See Nat'l Deaf Acad., LLC v. Townes, 242 So. 3d 303, 312 n.6 (Fla. 2018) ("Whether the kinds of claims presented in ["gray-area"] cases sound in ordinary or medical negligence depends on both *the specific circumstances* under which the injury occurred and the allegations in the pleadings.") (emphasis added). At this stage of the proceedings, however, our inquiry is limited to the factual allegations within

2

the four corners of Mr. Torres' complaint, which we must accept as true. <u>See</u> <u>Holmes Reg'l Med. Ctr., Inc. v. Dumigan</u>, 151 So. 3d 1282, 1286 (Fla. 5th DCA 2014). Because Mr. Torres alleged sufficient facts to plead his action as one sounding in ordinary negligence, a dismissal with prejudice was not warranted at this juncture. <u>See</u> <u>McManus v. Gamez</u>, 276 So. 3d 1005, 1009-10 (Fla. 2d DCA 2019). Accordingly, we reverse and remand for further proceedings consistent with this opinion.